IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,        ORDER

    v.        19-cr-96-wmc-1

ISAAC MORALES,

        Defendant.

---

A hearing on the probation office's petition for judicial review of Isaac Morales's supervised release was held on May 9, 2024, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Jennifer R. Remington. Defendant was present in person and by counsel Murali Jasti. Also present was U.S. Probation Officer Yang Moua.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on June 24, 2020, following his conviction for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C felony. He was then committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 3-year term of supervised release to follow. On December 10, 2021, defendant began his term of supervised release.

Defendant violated the mandatory conditions requiring that: he not commit another federal, state, or local crime; he not illegally possess a controlled substance; and he be subject to drug testing. Defendant also violated Standard Condition No. 5 requiring he not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, except as prescribed by a physician. Specifically, on October 14, 2022, defendant submitted a urine

specimen that tested positive for methamphetamine. On November 18, 2022, defendant submitted another urine specimen that tested positive for methamphetamine and cocaine. In both instances, defendant admitted to ingesting the controlled substances On December 6, 2022, the court ordered "No action is necessary at this time. Should the defendant fail to follow through with his outpatient counseling or return to drug use, he should be scheduled for judicial review." (Dkt. #46.)

In addition, on March 28, 2024, while in primary federal custody at the Monroe County Jail, a search of defendant's pants coin pocket allegedly revealed two small bindle baggies, weighing a total of 3.6 grams, that consisted of white powdery substances, one of which allegedly tested positive for the presence of fentanyl. A referral for charges of possession of narcotic drug and intent to retain contraband by an inmate were then sent to the Monroe County District Attorney's Office. On April 23, 2024, drug charges were filed against defendant in Monroe County Circuit Court Case No. 24CF228.

Although not formally alleged as violations, subsequent to refusing to provide urine specimens, defendant further is alleged to have tested presumptively positive for cocaine on March 31, 2024, while in custody at the Sauk County Jail. On March 28, 2024, defendant also allegedly attempted to tamper with his urine specimen by pouring water or juice into the urine container, which was observed through the master control video room of the Monroe County Jail. Additionally, on April 4, 2024, defendant allegedly damaged property belonging to Sauk County Jail, for which he was issued a citation of $263.50 for the damage and charged in Sauk County Circuit Court for violation of that county's jail rules. The probation office suggests this information regarding defendant's post-arrest conduct is indictive of his continued pattern of criminal thinking and his blatant disrespect for the law. While the defendant apparently wishes

to dispute this more recent evidence of his return to serious drug use (fentanyl and cocaine), the lab report provided by the U.S. Attorney's Office appears to establish both by a preponderance of the evidence, barring contrary evidence from the defendant.

Defendant also violated Standard Condition No. 3 requiring him to maintain fulltime employment, seek lawful employment, or enroll and participate in a vocational training that will equip him for suitable employment, unless excused by the probation officer or the court. Officer Moua discussed this obligation with defendant at the outset of his supervision and regularly thereafter, including his need to document lawful employment using a form of payroll system through pay stub or check. Although defendant worked for Remedy Intelligent Staffing from May 30 to July 14, 2023, the probation office reports that this was the last job defendant held, and he has not worked since. Defendant apparently maintains that he subsequently worked on occasion for a Matthew Gottbeheat for a now defunct business and has an offer to do piecework again for him, but there appears no dispute that defendant was not excused from working regularly at a lawful occupation or of keeping his probation officer advised of his employment status.

Defendant then violated Standard Condition No. 2 requiring him to report to the probation office as directed; Standard Condition No. 4 requiring him to notify the probation officer within 72 hours of any change in residence, employer, or job classification; and Standard Condition No. 8 requiring him to permit a probation officer to visit him at home, work, or a mutually convenient location designated by the probation officer at any reasonable time. More specifically, on October 23, 2023, after several unsuccessful attempts to contact defendant via telephone calls and text messages, he was sent a letter instructing him to report on October 30, 2023, for an office contact, but defendant failed to report. Next, they had face-to-face contact on November 6, 2023, and also met face-to-face in December 2023, as well as January and February 2024. Officer Moua last

3

spoke to defendant on February 21, 2024, to arrange a home visit for the next day. On February 22, 2024, the supervising probation officer conducted a scheduled home contact at defendant's last known residence, only to be greeted by his adult son, who reported defendant was not present for the scheduled appointment. Again, the supervising probation officer attempted to contact defendant multiple times via text messages and telephone calls, but he failed to answer. On February 23, 2024, defendant's adult son called to report that he had kicked defendant out of his residence, yet defendant continued to fail to report his address changes to the probation office as required. Then, on February 23 and March 5, 2024, letters were mailed to defendant's last known residence instructing him to report for an office appointment on March 12, 2024, but he failed to report accordingly and made no known attempts to contact the probation office. And last, while a warrant was issued for defendant as an absconder, the defendant's whereabouts and activities remained unknown until his apprehension on March 27, 2024, by the Tomah Police Department.

Finally, defendant violated Special Condition No. 15 requiring him to participate in a mental health referral, assessment, and treatment as approved by his supervising probation officer. Defendant failed to complete a mental health assessment as required despite being given the resources to fulfill this condition.

## CONCLUSIONS

While defendant's violations are sufficient to justify revocation, the court will give him an additional chance to succeed on supervision, subject to the following, additional three conditions:

18) Participate for a period of 6 months in a location monitoring program that may include the following technologies: radio frequency (RF) monitoring, passive global positioning system (GPS) monitoring, active GPS monitoring, or voice recognition. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer.

4

Defendant shall follow the location monitoring agreement. Defendant shall be responsible for the cost of location monitoring and subject to standalone monitoring.

19) Defendant shall maintain employment and a residence that are compatible with both GPS and cell phone services.

20) Defendant shall submit to sweat patch testing at the discretion of the Supervising U.S. Probation Officer.

Upon fulfillment of these conditions and after the conclusion of an approved release plan to the satisfaction of the Probation Office, the defendant may be released from custody.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 24, 2020, is CONTINUED subject to satisfaction of the three, additional conditions set forth above.

Entered this 14th day of May, 2024.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

Case: 3:19-cr-00096-wmc Document #: 59 Filed: 05/14/24 Page 6 of 6